Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James B. Zagel | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 8086 | **DATE** | 12/1/2003 |
| **CASE TITLE** | KAMPF, ET AL vs. FAO SCHWARZ, INC., ET AL | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] **Enter memorandum opinion and order granting a preliminary injunction against the sale of both lunch box and suitcase.**

(11) ■ [For further detail see order attached to the original minute order.]

| | |
|---|---|
| | No notices required, advised in open court. |
| | No notices required. |
| | Notices mailed by judge's staff. |
| | Notified counsel by telephone. |
| ✓ | Docketing to mail notices. |
| | Mail AO 450 form. |
| | Copy to judge/magistrate judge. |

courtroom deputy's initials: DW

Date/time received in central Clerk's Office

number of notices

DEC 0 2 2003 date docketed

docketing deputy initials

date mailed notice

mailing deputy initials

Document Number: 8

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

CYNTHIA TRIPP KAMPF and TRIPP
DESIGN, LTD.,

    Plaintiffs,

v.

FAO SCHWARZ, INC., ZB COMPANY,
INC., FAO, INC., P.T. SONG WON
INDONESIA, SW WORLDVIEW, J. PARK
& CO. and JUNE PARK,

    Defendants.

No. 03 C 8086
Judge James B. Zagel

DOCKETED
DEC 0 2 2003

## MEMORANDUM OPINION AND ORDER

The plaintiffs seek an injunction preventing the sale of two children's products.

Cynthia Tripp Kampf, a graphic designer, and her company Tripp Design Limited, collectively "Tripp," are the plaintiffs. The defendants are FAO Schwarz, Inc., a well known toy seller, its related businesses ZB Company and FAO, Inc., and June Park, her businesses, J. Park & Co. and SW Worldview.

On November 24, 2003, I heard evidence in this case. For purposes of deciding the issue of preliminary injunction and for no other purpose, I find the following.

Tripp designed, among other things, a child's roller board suitcase and a lunch box. The lunch box design showed a plush stuffed animal head at one end, a strap handle made of the same fabric as the animal head, and, at the other end of the box, a small puff of that fabric. The design visually suggests that the lunch box is the body of the animal with the head at one end and the tail (the fabric puff) at the other.

Her designs were shared with June Park who is in the business of marketing and manufacturing toys. Park tried to place Tripp's designs with manufacturers and toy sellers but was, at least initially, unsuccessful. Without informing Tripp, Park went to FAO Schwarz and began working with them to design and manufacture the products at issue using FAO Schwarz's own stuffed animals, Patrick the Pup and Penelope the Pup, both of which are the intellectual property of FAO Schwarz. Eventually, a lunch box and a suitcase were produced using the heads of those two plush animals. Park claims that she neither showed FAO Schwarz the designs she received from Tripp nor used the designs in preparing the product now listed in the FAO Schwarz catalogue.

The answer to the question of preliminary injunction lies, largely, in the issue of similarity between Tripp's designs and the products at issue. If there is pronounced similarity, it is impossible to say that Tripp fails to meet the standard of likelihood of success on the merits. Apparent evidence of use of the design means that Tripp has a good chance of establishing that Park's statement of non-use is untrue. To meet the minimum standard, Tripp must show that there would be far more than a negligible chance for her to prevail on the merits.

Tripp does not say that she copyrighted the use of plush toys attached to children's suitcases or lunch boxes. Her core claim is that the fabric handle and mock tail on the lunch box, the rubberized, serrated postage stamp edge label and its contents, the rubberized hang tag, and the pattern of objects on the surface of the products is hers[1]. Much of the defense, which centers

---

[1] *See generally* Wildlife Exp. Corp. v. Carol Wright Sales, Inc., 18 F.3d 502 (7th Cir. 1994).

2

on pointing out differences, is of little avail[2]. Where the differences are significant, they pale in comparison to the similarities. An example is a pattern of different sized stars that Tripp designed for use on the surface of the suitcase. The pattern, which is distinctive, is echoed almost exactly in the FAO Schwarz products. It is true that these products use paw prints rather than stars but, from a short distance, the pattern appears the same. The same is true of the label and the hang tag. The fabric handle and the mock tail appear to be the same in all significant respects except for a transparent plastic covering on the handle. These are not utilitarian features of the product and, given the prior relationship of Tripp to Park, there is a likelihood of success on the issue of copying.[3]

While there exist other objections to Tripp's claim, such as whether there is a valid copyright, Tripp has met the minimum standard of likelihood of success on this question.

There is no adequate remedy at law for the harm alleged. It is true that royalty income from the sale of the products can be calculated. There is, however, the loss to Tripp of the credit often awarded to the author of a design. The credit given to a designer is a non-economic value recognized by the law that, in this case, creates an indeterminable value for the success of Tripp's future designs. The loss of this credit is an irreparable harm.

The balance of harms weighs in Tripp's favor. Sale of the product in violation of her rights will cause her irreparable harm. The injunction will cost FAO Schwarz far less harm. The products are one small part of a very extensive catalogue and no showing has been made that this

---

[2]Tripp concedes to the differences pointed out by defendants.

[3]It is true that there is no evidence that, if copying occurred, it was known to or participated in by FAO Schwarz. But this is no defense to an injunction. It may be the basis for a claim by FAO Schwarz against Park, but whether this is so remains to be seen.

business will go to competing products. Park will lose only money. The damages to defendants will be quantified in cash and they will be adequately protected by a bond. The public interest weighs against issuance of the injunction.

The motion for preliminary injunction against the sale of both lunch box and suitcase is GRANTED.[4]

ENTER:

James B. Zagel
United States District Judge

DATE: DEC 0 1 2003

---

[4] I note that Judge Coar stopped only the sale of the lunch box. FAO Schwarz stopped selling both products. I assume this is so for marketing reasons. The products can be purchased separately, but it is difficult to see how a retailer would want to sell only one of the two products it has paired in its catalogue. In any event, Tripp is entitled to an injunction against the sale of the suitcase albeit her case on the merits is weaker with respect to the suitcase.

4